UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

EMMETT MOORE, an individual,

    Plaintiff

v.

TAMARA POST, an individual,

    Defendant.

Case No.: 21 CV -64 WMC

**COMPLAINT FOR DAMAGES**
**JURY DEMAND**

Plaintiff EMMETT MOORE ("Mr. Moore" or "Plaintiff") files this Complaint for Damages against Defendant TAMARA POST ("Ms. Post"), and in support states as follows:

### NATURE OF THE ACTION

1. This is an action against Defendant based on conduct that constitutes defamation *per se*.

2. By this action, Plaintiff seeks compensatory damages, punitive damages, costs, injunctive relief and all other relief to which he may be entitled to as a matter of law.

### PARTIES

3. Ms. Post is and at all times relevant to this complaint was an individual and citizen of the State of Wisconsin and is believed to be a resident of Rio, Wisconsin, which is located in this District.

1

5. Mr. Moore is an individual residing in Vista, California, and a citizen of the State of California.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. Sec. 1332 as 1) the Plaintiff on one hand, and the Defendant on the other hand, are citizens of different states; and 2) the amount in controversy exceeds $75,000.

7. This Court may exercise personal jurisdiction over Defendant Ms. Post and venue is proper in this District as Ms. Post resides and works in this District, and a substantial part of the causes of action herein accrued in Rio, Wisconsin, which is within this judicial district.

8. The alleged defamatory statements were published in this state, citizens of this state reviewed the alleged defamatory statements, and as such, the facts, allegations and causes of action arose in this jurisdiction, sufficient contacts with this jurisdiction and this District exist for this Court to exercise specific personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Background

9. Mr. Moore owns and operates an interactive website, located at www.tradingschools.org.

10. Mr. Moore authors and publishes content for the public's consumption regarding investment fraud, investment services, investment software, and investment educational materials that are provided by various individuals and vendors.

2

11. Mr. Moore began authoring and publishing material on his website in approximately 2014.

12. Mr. Moore's website content contains unbiased informational articles of trading and investment products and services.

13. Mr. Moore frequently works with law enforcement, such as the Commodity Futures Trading Commission, the Federal Trade Commission, the United States Securities and Exchange Commission, and the Federal Bureau of Investigations, with respect to certain individuals and companies in violation of securities laws, and investment fraud.

14. Mr. Moore's work is not without risk—Plaintiff has been threatened with, and defended numerous lawsuits in the past regarding his work exposing fraud.

15. Mr. Moore was once was the target of a "murder for hire" crime that was thwarted by law enforcement. The motivation of the alleged crime was because Mr. Moore exposed the fraudulent activities of an unlicensed and unregistered investment advisor.

16. The vast majority of Mr. Moore's compensation for authoring and publishing reviews is in the form of advertising revenue.

17. Mr. Moore has also been the eligible recipient of numerous whistleblower actions regarding violations of the Commodity Exchange Act.

18. Recently, Mr. Moore provided key evidence that the Federal Trade Commission used to seize the company assets of a company named Raging Bull, which purportedly scammed consumers out of $137 million dollars in an investment education scheme.

19. Mr. Moore provided key evidence to the CFTC in their prosecution of another investment educational scheme named School Of Trade which resulted in a $4.9 million dollar restitution order.

20. Mr. Moore provided key evidence to the Federal Bureau of Investigations in their apprehension of Michael Salerno, an individual running a $76 million dollar investment fraud and is now facing 30 charges of securities fraud and multiple decades in federal prison.

21. In the past 6 years, Mr. Moore has assisted law enforcement in dozens of investment fraud schemes resulting in numerous convictions, restitution, and industry banishment.

22. Mr. Moore does not charge companies or individuals for writing positive material, nor does he receive payment for not writing material.

**B. Background on Defendant and Defamatory Statement**

23. Ms. Post is, as mentioned, a citizen of the State of Wisconsin.

24. Ms. Post is a client, member, business associate, and/or subscriber to a company by the name of Top Gun Options, LLC.

25. Top Gun Options, LLC, is a company that holds itself out as an investment and educational service provider.

26. On or about June 8, 2017, Mr. Moore authored an article on tradingschools.org entitled, "Top Gun Options: A Paper Tiger?"

27. Said article reviewed the trading services offered by Top Gun Options, LLC, and the article was unbiased, truthful and directed to the general public as a matter of public interest.

28.  Mr. Moore's blog permits public comments in a separate section.

29.  On information and belief, on June 19, 2019, Defendant Ms. Post, authored the following statements on Plaintiff's blog in the comment section of the article about Defendants Top Gun Options, LLC and Mr. Buckley:

> "Why should we believe anything put out by a self-admitted con man who has been convicted and served time for securities fraud, mail fraud, and wire fraud, to name a few? You do not even have the guts to give anyone your phone number or address on this site or anywhere else that we can find.
>
> **I know for a fact, that you are continuing your fraudulent methods by threatening to write negative reviews unless those approached by you pay "a fee". Is that not called extortion? This has been verified by multiple trading sites that refused to pay you that now have negative reviews on this site.**
>
> I have been educated by Top Gun Options and Matthew "Whiz" Buckley since Feb. 2017. In the last 3 months alone, I have more than doubled my portfolio size. Whiz is not only a very talented trader and educator, but the finest, most honorable, giving American I have ever met and worked with." (emphasis added)("Ms. Post's Statements")

30.  Defendant Ms. Post's statement remains on Mr. Moore's blog to this date.

31.  On information and belief, Ms. Post communicated with Mr. Buckley of Top Gun Options her false claims of Mr. Moore committing extortion.

32.  Mr. Moore did not and has never extorted an individual or company for a good or poor review on his blog.

### COUNT I
### Defamation Per Se as to Defendant Tamara Post

33.  Plaintiff incorporates by references all allegations and facts in paragraphs 1 to 32, as if fully set forth herein.

34. Ms. Post made her statement online, on Plaintiff's blog that is accessible to the internet public, in the comment section of Plaintiff's article about Mr. Buckley and Top Gun Options, LLC.

35. Ms. Post's Statement was of or concerning Plaintiff because she addresses Plaintiff directly when she states Plaintiff's blog does not have his sufficient contact information for Plaintiff.

36. Ms. Post's Statement, particularly the words, "I know for a fact, that you are continuing your fraudulent methods by threatening to write negative reviews unless those approached by you pay "a fee". Is that not called extortion?" accuse Plaintiff of the elements of extortion, and then states she is in fact, accusing Plaintiff of the crime of extortion.

37. Plaintiff did not extort anyone in any way, and the statement is a false allegation of fact.

38. Defendant Ms. Post knows Plaintiff has never extorted any person or company for money, and Plaintiff has no evidence of Plaintiff extorting anyone.

39. Defendant Ms. Post published the false statement with malice and utter disregard for the truth in order to harm Plaintiff, and portray Plaintiff as a criminal.

40. Defendant Ms. Post published the statement with the intent to discredit Plaintiff and his blog article.

41. Extorting someone for money is a felony crime punishable with prison time, and is a crime of moral turpitude.

42. Ms. Post's false statement did and does harm Plaintiff's reputation.

43. Ms. Post's false statement portrays Plaintiff as a person willing to engage in crime for money, instead of as an unbiased and highly effective writer of matters of public interest.

44. Anyone reading Ms. Post's false statement would erroneously conclude Plaintiff was guilty of a felony crime and a crime of moral turpitude.

45. Anyone reading Ms. Post's false statement would be deterred from doing business with Plaintiff, or subscribing (or "clicking") Plaintiff's blog articles due to the alleged criminal conduct in Ms. Post's statement.

46. Any contacts Mr. Moore has, including those with the FBI, CFTC, or FTC would read Ms. Post's false statement and would conclude that Mr. Moore is no longer credible as a whistleblower, and therefore, Ms. Post's false statements harms Mr. Moore's reputation and his business.

47. As such, Plaintiff's reputation has been harmed and he has suffered damages in the form of lost revenue in advertising, readership, in an amount to be determined.

48. As such, Defendant Ms. Post's statement constitutes actionable defamation.

**PRAYER FOR RELIEF**

49. WHEREFORE, Plaintiff Emmett Moore prays for the following relief:

    a. An award of actual damages in an amount to be determined at trial;

    b. An award of attorneys' fees and costs as applicable by statute or law;

c. An award of punitive damages in an amount to be determined at trial;

d. injunctive relief;

e. Any such other and further relief as this Court may deem just and proper or to which Plaintiff may be entitled as a matter of law and equity.

Plaintiff demands a jury trial.

Dated: January 25, 2021

By: _____
Emmett Moore
*In Pro Per*
1028 Rosario Lane
Vista, CA. 92084
(760) 331-8426
Moore.emmett@gmail.com