IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMETT MOORE,

                Plaintiff,                OPINION AND ORDER

v.

                                            21-cv-64-wmc

TAMARA POST,

                Defendant.

---

*Pro se* plaintiff Emmett Moore has filed this civil lawsuit against defendant Tamara Post, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Moore asserts a Wisconsin defamation claim against Post for Post's allegedly defamatory comments about Moore on Moore's blog.  Because the allegations in the complaint related to the amount in controversy are insufficient to determine whether diversity jurisdiction actually exists, plaintiff will be given an opportunity to file an amended complaint containing the necessary allegations.

OPINION

The court has an independent obligation to ensure subject matter jurisdiction exists. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) (explaining that because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("[I]t is always a federal court's responsibility to ensure it has jurisdiction.").  Further, the party seeking to invoke federal jurisdiction bears

the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

The complaint fails to provide sufficient allegations for the court to determine whether the amount in controversy is satisfied. Plaintiff simply alleges that "the amount in controversy exceeds $75,000." (Compl. (dkt. #1) ¶ 7.) The complaint, however, contains *no* other allegations estimating the amount of damages, other than the assertion that "he has suffered damages in the form of lost revenue in advertising, readership, in an amount to be determined." (*Id.* ¶ 47.) This allegation suggests that plaintiff has not actually measured his loss of revenue. As such, the complaint is devoid of any allegations suggesting that plaintiff has a good faith basis to believe that the amount in controversy actually satisfies the jurisdictional minimum. Plaintiff's failure to include any allegations related to the measure of his loss of revenue is a problem since plaintiff, as the party invoking this court's jurisdiction, "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy is met." *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the amount in controversy plausibly exceeds $75,000.

ORDER

IT IS ORDERED that:

1) Plaintiff Emmett Moore has until **March 17, 2021**, to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction under 28 U.S.C. § 1332(a).

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 24th day of February, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge